Scott M. Grace S.B.N. 236621
The Grace Law Group, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax: 619-923-3661

Patric Lester S.B.N. 220092
Consumer Attorney Advocates, Inc.
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DIANAH ESPINOZA,
Plaintiff,

vs.

HUNT & HENRIQUES, ATTORNEYS AT LAW; MERRICK BANK CORPORATION; and DOES 1-10,

Defendants,

Case No.: 5:18-cv-2752

COMPLAINT FOR VIOLATIONS OF:

- FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
- CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
- INTENTIONAL MISREPRESENTATION

DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees, costs, and punitive damages brought by an individual consumer, Dianah Espinoza, (hereinafter PLAINTIFF) against Defendants, Hunt & Henriques, Attorneys at Law (hereinafter "HUNT & HENRIQUES"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and Merrick Bank Corporation (hereinafter "MERRICK"), for furnishing inaccurate and misleading information to credit reporting agencies in violation of Calif. Civ. Code §1785, *et seq.* of the California Consumer Credit Reporting Agencies Act (hereinafter "CCRAA"), both of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices, and for intentional misrepresentation and fraud against Defendant MERRICK, and Does 1-10.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendants' violations of the FDCPA under 15 U.S.C. §1692, *et seq*., and violations of the California CCRAA under Calif. Civ. Code §1785, *et seq*., and violations of California Code of Civil Procedure §3294.

5. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6. As Defendants do business in the state of California and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

8. Plaintiff is a natural person residing in Rancho Cucamonga, California, and is a "consumer" within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a credit card debt allegedly owed to MERRICK (hereinafter "Debt"), and is a "consumer" as that term is defined by Cal. Civ. Code §1785.3(b) of the California CCRAA.

9. At all times relevant herein, Defendant HUNT & HENRIQUES was a company engaged, by use of the mails and/or telephone, in a business the principal purpose of which is collecting debts, and is therefore a "debt collector" as defined by 15 U.S.C. §1692a(5) of the FDCPA.

10. HUNT & HENRIQUES regularly attempts to collect debts alleged to be due another and is therefore also a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA.

11. Defendant HUNT & HENRIQUES's office located at 151 Bernal Road, Suite 8, San Jose, CA 95119, and conducts business throughout the state of California.

12. Defendant MERRICK is a Utah state chartered financial corporation, doing business as MERRICK BANK, with a corporate office address located at 10705 S Jordan Gateway, Ste. 200, South Jordan, UT, and conducting business in the state of California.

13. At all times relevant herein, Defendant MERRICK was a corporation who regularly furnishes "consumer credit reports" to third parties, and is therefore a "Consumer Credit Reporting Agency" and a furnisher of "consumer credit reports" as defined by Cal. Civ. Code §1785.3(d) of the California CCRAA.

14. The cause of action against MERRICK pertains to Plaintiff's "consumer credit reports," as that term is defined by Calif. Civ. Code §1785.3(c) of the California CCRAA in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information for the purpose of serving as a factor in establishing Plaintiffs' eligibility

for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

15. As it pertains to the California CCRAA, Defendant MERRICK is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code §1785.3(j) of the California CCRAA.

16. The true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible for the violative conduct alleged in this Complaint, and proximately caused Plaintiff's damages.

## FACTUAL ALLEGATIONS

17. On or about May 5, 2011, Plaintiff opened a credit card account with MERRICK, which was used primarily for personal, family, and household purposes.

18. Plaintiff made the last payment on the account on or about October 1, 2012.

19. The alleged account was charged-off by the original creditor, MERRICK, on or about April 30, 2013.

20. The account balance at the time of charge-off on April 30, 2013, was $1,422.80.

21. On or before June 23, 2017, Defendant MERRICK engaged Defendant HUNT & HENRIQUES to attempt to collect the alleged debt on behalf of MERRICK.

22. On or about June 23, 2017, HUNT & HENRIQUES filed a complaint against Plaintiff on behalf of MERRICK, in the superior court of California, San Bernardino County, case number CIVDS1712158, (State Court Action (SCA))

attempting to collect the alleged debt in the exact same amount as the charge-off balance of $1,422.80. (Exhibit 1)

23. The SCA materially misrepresented that Dianah Espinoza became indebted to MERRICK within the last four years based on Common Counts causes of action. (Exhibit 1)

24. The SCA was filed more than four (4) years after the date of the last payment made on the alleged account (October 1, 2012), and more than four (4) years after the date the alleged account was charged off by MERRICK (April 30, 2013), and is therefore time-barred under that California Statute of Limitations pursuant to CA Civ. Code §337.

25. On or about July 5, 2017, Plaintiff became aware of the SCA.

26. On or about July 7, 2017, Plaintiff obtained copies of her credit reports from Equifax and TransUnion.

27. Plaintiff's credit reports show that MERRICK reported the date of last payment on the account as August 2, 2013 (Exhibit 2).

28. The date of the last payment on the account was in fact October 1, 2012, eleven months (11) prior to the reported date.

29. Plaintiff retained the Law Office of Luftman, Heck & Associates, LLP to represent her in the SCA.

30. Due to MERRICK inaccurately reporting the date of last payment on the account as August 2, 2013, Plaintiff submitted written disputes to Equifax and TransUnion by correspondence dated October 26, 2017, sent via certified mail, return receipt requested. (Exhibit 3)

31. By correspondence dated November 9, 2017, TransUnion informed Plaintiff that it had notified MERRICK of Plaintiff's dispute, and MERRICK in response updated the account to reflect the accurate date of last payment made on the account to October 1, 2012. (Exhibit 4)

32. By correspondence dated November 14, 2017, Equifax informed Plaintiff that it had notified MERRICK of Plaintiff's dispute, and MERRICK in response updated the account to reflect an updated address. However, after receiving the response from Equifax, Plaintiff obtained an updated copy of her Equifax credit report, which also showed the account had been updated to reflect the accurate date of last payment made on the account to October 1, 2012. (Exhibit 5)

33. On or about January 6, 2018, Defendant MERRICK provided a discovery response to a request for production of documents which included a document containing a screen shot of "all the financial transactions on the account after charge off", which clearly shows that Defendant MERRICK attempted to process three payments of $35.57 from Plaintiff's SchoolsFirst Credit Union (SchoolsFirst) account on the dates of June 3, 2013, July 3, 2013, and August 2, 2013, but such payments were returned unpaid. (Exhibit 6)

34. On or about January 19, 2018, Defendant HUNT & HENRIQUES provided supplemental documents to their response to Plaintiff's request for production of documents, including copies of two "Payment Copies" which appear to be checks dated June 1, 2013 and July 1, 2013, which were written from Plaintiff's SchoolsFirst account and made payable to Defendant MERRICK. (Exhibit 7)

35. Plaintiff did not authorize the checks which were provided in the discovery response and was unaware that the checks had ever been issued or attempted to be deposited by Defendant MERRICK.

36. On or about January 19, 2018, Plaintiff contacted SchoolsFirst to investigate the checks which were provided in discovery and was informed by a SchoolsFirst representative that there were no withdrawals for the amounts of the checks from her credit union account. (Exhibit 8)

37. On or about January 22, 2018, Plaintiff received a letter from SchoolsFirst which stated, inter alia, that "On or about 06/01/2013 and 07/01/2013, Merrick presented two paper drafts for $35.57. According to our records, the information

provided on the drafts was not correct and these items did not post to your account." (Exhibit 9)

38. On or about January 22, 2018, Plaintiff received a more detailed letter from SchoolsFirst, which stated, inter alia:

> "On 06/01/2013 and 07/01/2013, Merrick presented two electronic drafts for $35.57. According to our records, the information provided on the drafts were incorrect and therefor [sic] were rejected and did not post to your account. These items had several inconsistencies and the validity of them was in question due to the following reasons: The phone number listed on the draft is not to SchoolsFirst Federal Credit Union. The account number is not consistent with the twelve-digit account number related to your Membership. In addition, the check number referenced of 100 was not in the sequence of checks you were utilizing.
>
> Our records indicate that the last payment you authorized to Merrick from your account was on October 1st, 2012." (Exhibit 10)

39. Despite being informed on numerous occasions that Plaintiff had not made any payments after October 1, 2012, Defendants MERRICK and HUNT & HENRIQUES persisted in litigating the SCA for nearly nine months from June 23, 2017 until the case was finally dismissed on March 19, 2018. (Exhibit 11)

40. At all times herein, HUNT & HENRIQUES and MERRICK were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a(5) of the FDCPA.

41. Plaintiff has suffered harm as a direct result of the acts of the Defendants HUNT & HENRIQUES and MERRICK because the misleading and deceptive representations contained in Plaintiff's consumer credit reports and contained in the SCA complaint wherein Plaintiff was sued beyond the statute of limitations under Calif. Civ. Code §337, and caused Plaintiff to incur unnecessary legal fees, costs, and inconvenience to defend herself against the untimely complaint.

42. Plaintiff has suffered additional harm as a result of the acts of the Defendants HUNT & HENRIQUES and MERRICK because the misleading and deceptive representations contained in the SCA despite being known, or despite the facts having should have been known by the Defendants that the complaint contained false, deceptive, and misleading information, and those misleading representations did in fact mislead Plaintiff, and thereby caused out of pocket expenses, annoyance, confusion, inconvenience, and anxiety by forcing Plaintiff to dispute and remedy the inaccurate credit information with Equifax and TransUnion.

43. Plaintiff has suffered additional harm as a result of the acts of the Defendant MERRICK because the misleading and deceptive representations contained in Plaintiff's consumer credit reports caused the information in Plaintiff's consumer credit reports to portray an inaccurate impression of Plaintiff's credit worthiness, credit standing, and credit capacity, and resulted in Plaintiff being sued beyond the statute of limitations and incurring legal fees and costs to defend the untimely lawsuit.

44. Upon information and belief, MERRICK's violations of the CCRAA under §1785.25(a) were negligent at least, and were in fact willful, because MERRICK knowingly and deliberately ignored its obligation to refrain from furnishing inaccurate information on a specific transaction or experience to any consumer credit reporting agency when MERRICK knew or should have known the information was incomplete or inaccurate. Specifically, MERRICK's own records clearly show that no payments were made by Plaintiff after October 2012, and MERRICK's own records further demonstrate that the balance on the charge-off date of April 30, 2013 was the exact

same balance as the balance on the account at the time the complaint was filed more than four years later in the SCA on June 23, 2017.

45. Therefore, MERRICK's own records demonstrate on their face that there could have been no payments made on the account after April 30, 2013.

46. Upon information and belief, MERRICK's violations of the CCRAA were negligent at least, and were in fact willful, because MERRICK knowingly and deliberately tendered unauthorized checks to Plaintiff's credit union in an attempt to deprive her of money without her authority, and then intentionally updated her credit files to report inaccurate credit information which MERRICK knew, or should have known, was inaccurate.

**FIRST CLAIM FOR RELIEF**

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.***

**Against HUNT & HENRIQUES**

47. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

48. Defendant HUNT & HENRIQUES violated the FDCPA.

49. The Defendant's violations of the FDCPA include, but are not limited to, the following:

(1) Using false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. §1692e and e (10) of the FDCPA;

(2) Communicating a false impression of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2) of the FDCPA;

(3) Using unfair or unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f of the FDCPA;

As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELIEF

**Violations of the California Consumer Credit Reporting Agencies Act**

**CA CIV. CODE §1785, *et seq.***

**Against MERRICK**

50. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

51. As the furnisher of information to credit reporting agencies, MERRICK is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew of should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code §1785.25(a) of the CCRAA.

52. Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

53. Defendant MERRICK violated its obligations under CCRAA and specifically §1785.25(a) numerous times by furnishing inaccurate information regarding the date of the last payment made on Plaintiff's account to Equifax and TransUnion despite MERRICK having known or should have known the information was inaccurate.

54. The false and inaccurate reporting has caused Plaintiff actual damages as explained in the statement of facts above.

55. Plaintiff is informed and believes that MERRICK'S violations were negligent at a minimum, because a reasonable person would simply have continued to furnish accurate information as required by law, yet MERRICK failed to undertake that simple task, and in fact affirmatively updated their credit file to include the inaccurate date of last payment, which has caused Plaintiff to be sued on an account that is beyond the statute of limitations under CA Civ. Code §337.

56. Plaintiff is also informed and believes that MERRICK'S violations were negligent at a minimum, but were willful in that MERRICK acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because MERRICK's own records clearly show that the balance on the charge-off date of April 30, 2013 was the exact same balance as the balance on the account at the time the complaint was filed in the SCA on June 23, 2017, and therefore MERRICK's own records demonstrate on their face that there could have been no payments made on the account after April 30, 2013. Thus, for MERRICK to have undertaken an intentional action to update Plaintiff's credit report to contain inaccurate information relating to the date of last payment was clearly reckless and/or willful.

57. Plaintiff is also informed and believes that MERRICK'S violations were negligent at a minimum, but were willful in that MERRICK acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because MERRICK intentionally created two unauthorized checks without Plaintiff's authorization and presented them to her credit union in an attempt to deprive her of money from her SchoolsFirst account, which was clearly willful.

58. Moreover, 15 U.S.C. § 1681(b)(1)(f) of the Fair Credit Reporting Act ("FCRA"), expressly exempts § 1785.25(a) of the CCRAA from the FCRA's general exclusion of State law claims. Thus, Plaintiff's CCRAA claim is not preempted by the FCRA.

59. Due to the repeated and intentional violations, Plaintiff seeks punitive damages from Defendant MERRICK in the amount of up to $5,000.00 per intentional violation of the CCRAA.

60. As a result of said inaccurate reporting, Plaintiff suffers, and continues to suffer, actual damages, including harm to their credit-worthiness, credit history, credit scores and in addition to actual damages as explained in the statement of facts above.

**THIRD CLAIM FOR RELIEF**

**(Claim for Intentional Misrepresentation and Fraud)**

**Against MERRICK**

61. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

62. Defendant MERRICK made numerous representations as previously described and as follows:

a. MERRICK improperly created and presented two checks from Plaintiff's SchoolsFirst Credit Union account in an attempt to deprive Plaintiff of money from her account,

b. MERRICK represented to PLAINTIFF that the date of the last payment made on the alleged account was in August 2013, when in fact the date of the last payment made by PLAINTIFF was in October 2012,

c. MERRICK represented to Equifax for approximately 52 months that the date of the last payment made on the alleged account was in August 2013, when in fact the date of the last payment made by PLAINTIFF was in October 2012,

d. MERRICK represented to TransUnion for approximately 52 months that the date of the last payment made on the alleged account was in August 2013, when in fact the date of the last payment made by PLAINTIFF was October 1, 2012,

e. The representations made by MERRICK were false,

f. That MERRICK knew that the representations were false when it made the representations,

g. That MERRICK intended that Plaintiff rely on the representations,

h. That MERRICK intended that Equifax rely on the representations,

i. That MERRICK intended that TransUnion rely on the representations,

j. That Plaintiff reasonably relied on MERRICK's representations,

k. That Equifax relied on MERRICK's representations and reported the inaccurate date of last payment for approximately 52 months,

l. That TransUnion relied on MERRICK's representations and reported the inaccurate date of last payment for approximately 52 months,

m. That Plaintiff was harmed by MERRICK's misrepresentations, and

n. That Plaintiff's reliance on MERRICK's representations was a substantial factor in causing her harm.

o. In so acting MERRICK acted with malice, oppression, or fraud.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, and Plaintiff be awarded damages as follows:

1. Actual damages as the jury may allow, jointly and severally against all Defendants;
2. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendant HUNT & HENRIQUES;
3. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendant HUNT & HENRIQUES;
4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a)(3) of the FDCPA against Defendant HUNT & HENRIQUES;
5. Actual damages arising as a result of each negligent violation of Calif. Civ. Code §1785.25(a), including court costs, loss of wages, attorney's fees, and pain and suffering, from Defendant MERRICK , pursuant to Calif. Civ. Code §1785.31(a)(2)(A)-(C);

6. Punitive damages of $5,000.00 for each individual willful violation of Calif. Civ. Code §1785.25(a), from Defendant MERRICK, pursuant to Calif. Civ. Code §1785.31(a)(2)(A)-(C);
7. Actual damages of $13,155.66 from Defendant MERRICK pursuant to Calif. Civ. Code §3294(a).
8. Punitive Damages from Defendant MERRICK pursuant to Calif. Civ. Code §3294(a).
9. Such other and further relief this court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 9, 2018

The Grace Law Group, APC
By s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com