UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIANAH ESPINOZA,

   Plaintiff,

  v.

HUNT & HENRIQUES, ATTORNEYS AT LAW, et al.,

   Defendants.

Case No.18-cv-02752-NC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MERRICK'S MOTION TO DISMISS**

Re: Dkt. No. 50

Defendant Merrick Bank Corporation moves to dismiss plaintiff Dianah Espinoza's claims against it for violation of California's credit reporting law and intentional misrepresentation. Merrick argues that Espinoza's state law claims are preempted by federal law. Because only one of Espinoza's claims is preempted, the Court GRANTS in part and DENIES in part Merrick's motion to dismiss.

**I. Relevant Allegations in the Complaint and Procedural History**

Espinoza opened a credit card account with Merrick on May 5, 2011. *See* Compl. ¶ 17. She made her last payment on that card a year later in October 2012. *Id.* ¶ 18. However, Merrick reported to credit reporting agencies that Espinoza made her last payment on August 2, 2013 and charged off the account—with a reported balance of $1,422.80—on April 30, 2013. *Id.* ¶¶ 19, 20, 27, 30. On June 23, 2017, Merrick engaged co-defendant law firm Hunt & Henriques to collect on that debt. *Id.* ¶ 21.

1  A few months later, Espinoza disputed her credit reports with Equifax and
2  TransUnion, arguing that the date of her last payment on the Merrick account was in
3  October 2012, not August 2, 2013. *Id.* ¶ 30. Equifax and TransUnion both notified
4  Merrick of Espinoza's dispute and Merrick updated its records to reflect a last payment
5  date of October 2012 for Espinoza's account. *Id.* ¶¶ 31, 32.

6  Apparently, Merrick had attempted to process three payments for Espinoza's
7  account, with the final payment occurring on August 2, 2013. *Id.* ¶ 33. All three of those
8  payments attempted to draw funds from Espinoza's account with SchoolsFirst Credit
9  Union, but the credit union rejected those drafts as invalid and did not post them to
10 Espinoza's account. *Id.* ¶¶ 33–38.

11 Espinoza sued Hunt & Henriques and Merrick on May 10, 2018. *See generally id.*
12 In her complaint, Espinoza alleged that Merrick (1) violated the California Consumer
13 Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785, *et seq.*; and (2) made
14 intentional fraudulent misrepresentations. *Id.* ¶¶ 50 –62. Espinoza also brought a claim
15 against Hunt & Henrique under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692,
16 *et seq. See id.* ¶ 47–49. That claim is not at issue here. Dkt. No. 50 at 4. Merrick now
17 moves to dismiss Espinoza's claims against it. *See* Dkt. No. 50. The motion is now fully
18 briefed. *See* Dkt. Nos. 50, 60, 62, 64, 68, 71. All parties have consented to the jurisdiction
19 of a magistrate judge. *See* Dkt. Nos. 10, 16, 17.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not make detailed factual allegations, it must contain sufficient

factual matter, accepted as true, to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III. Discussion**

**A. Preemption by the FCRA**

The primary issue here is whether the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, preempts Espinoza's state law claims under the CCRAA and California common law. If the FCRA preempts Espinoza's state law claims, those claims must be dismissed without leave to amend. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888–89 (9th Cir. 2010) (sustaining demurrer without leave to amend of CCRAA claim under Cal. Civ. Code § 1785.25(f) because the claim is preempted). Merrick bears the burden of establishing preemption. *See Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1526 n.6 (9th Cir. 1995).

The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1685t(b)(1)(F). It also expressly saves from preemption "section 1785.25(a) of the California Civil Code." *Id.*; *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009). Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

In her complaint, Espinoza alleges that Merrick violated § 1785.25(a). *See* Compl. ¶ 51. Thus, on the face of her complaint, Espinoza's CCRAA claim is not preempted by the FCRA. *See* U.S.C. § 1685t(b)(1)(F). Merrick, however, argues that Espinoza's

3

CCRAA claim is really a claim under § 1785.25(e), which is not saved from FCRA preemption. See Dkt. No. 50 at 10–12. Section 1785.25(e) provides that:

> A person who places a delinquent account for collection (internally or by referral to a third party), charges the delinquent account to profit or loss, or takes similar action, and subsequently furnishes information to a credit reporting agency regarding that action, shall include within the information furnished the approximate commencement date of the delinquency which gave rise to that action, unless that date was previously reported to the credit reporting agency.

Cal. Civ. Code § 1785.25(e). Merrick argues that the allegedly inaccurate reporting was obligated by § 1785.25(e), not § 1785.25(a), because the date of Espinoza's last payment is the "approximate commencement date of the delinquency which gave rise to" its collection attempt in state court. *Id.* Thus, according to Merrick, Espinoza's CCRAA claim arises under § 1785.25(e) and is preempted.

The Court is not convinced by Merrick's argument. Section 1785.25(e) is narrow. It only governs a person's reporting obligations when that person furnishes information in connection with "plac[ing] a delinquent account for collection [or] charg[ing] the delinquent account to profit or loss." *Id.* It does not govern a creditor's reporting obligations at any other time. Indeed, § 1785.25(e) expressly acknowledges that a furnisher of information does not need to report the delinquency date if "that date was previously reported . . . ." *Id.* On the other hand, § 1785.25(a) has a much broader reach. It generally prohibits furnishing information to a consumer reporting agency that is "incomplete or inaccurate" in any context not specifically addressed by another section. *See* Cal. Civ. Code § 1785.25(a).

Put another way, a furnisher of information violates § 1785.25(e) only when it reports inaccurate information about the commencement date of a delinquency in connection with a report that it has placed a delinquent account for collection or charged that account to profit or loss. *See* Cal. Civ. Code § 1785.25(e). Reporting inaccurate

4

information about the commencement date of a delinquency at any other time is simply beyond the reach of § 1785.25(e).

For example, if Merrick inaccurately reported Espinoza's last payment date to Equifax or TransUnion on June 24, 2017—the day after it placed her account for collection (*see* Compl. ¶ 22)—Merrick's inaccurate reporting would be a violation of § 1785.25(e). On the other hand, if Merrick reported Espinoza's last payment date to Equifax or TransUnion on August 3, 2013, that reporting would not be governed by § 1785.25(e), because the information was not "include[d]" with "information . . . regarding" placing an account for collection or charging the account to profit or loss. *Id.*

Espinoza's complaint does not make clear when Merrick reported the allegedly inaccurate information to the consumer reporting agencies. In Exhibit 2 to her complaint, the delinquency is listed as reported to the consumer reporting agencies on July 13, 2017. *See* Dkt. No. 1-2 at 2 (excerpts from Espinoza's Equifax and TransUnion credit reports). This report is subsequent to Merrick placing her account for collection. Thus, this report is likely governed by § 1785.25(e) and therefore preempted by the FCRA. However, in paragraph 53 of her complaint, Espinoza vaguely alleges that Merrick violated its CCRAA obligations "numerous times by furnishing inaccurate information regarding the date of the last payment made . . . ." *See* Compl. ¶ 53. If one of those times was prior to Merrick placing the account for collection, Espinoza's claim would be governed by § 1785.25(a) and is not preempted by the FCRA. The burden of establishing preemption, however, lies with Merrick. *See Jimeno*, 66 F.3d at 1526 n.6. Because Merrick has not shown that Espinoza's CCRAA claim is preempted, the Court DENIES Merrick's motion to dismiss.

**B. Intentional Fraudulent Misrepresentation**

Espinoza also brings a claim for intentional fraudulent misrepresentation under California common law. Although the Ninth Circuit has not directly addressed FCRA preemption of state common law claims, district courts in the Ninth Circuit have held that the FCRA totally preempts all state common law causes of action. *See, e.g.*, *Finley v. Capital One*, No. 16-cv-01392-YGR, 2017 WL 1365207, at *4 (N.D. Cal. April 14, 2017);

5

*Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 985 (N.D. Cal. 2014); *cf. Gorman*, 584 F.3d at 1165–67 (declining to decide if the FCRA preempts common law cause of action for libel); *Carvalho*, 629 F.3d at 888–89 (FCRA preempts claims under Cal. Civ. Code § 1785.25(f) "[b]ecause section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA . . . .").

The Court agrees. The FCRA unambiguously states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1685t(b)(1)(F). Unlike claims under Cal. Civ. Code § 1785.25(a), common law intentional misrepresentation and fraud claims are not saved by the FCRA. Therefore, Espinoza's intentional fraudulent misrepresentation claim is preempted.

In her opposition, Espinoza argues that her intentional fraudulent misrepresentation claim is also based on Merrick's "attempts to steal money from [her] credit union account by presenting multiple fraudulent checks to that account." *See* Dkt. No. 60 at 4. But her complaint is largely devoid of any allegations of facts that plausibly infer Merrick attempted to steal money from her by forging checks. Indeed, the only allegation relating to this assertion is Espinoza's single statement that Merrick "improperly created and presented two checks from" her credit union account. *See* Compl. ¶ 62a. This lone statement does not "nudged [her] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. She does not, for example, allege any facts that would explain why she believes Merrick created the two checks. Nor does she allege any facts plausibly suggesting that Merrick knew those checks were invalid, but presented them to her credit union anyway. Moreover, claims alleging fraud must be alleged with particularity. *See* Fed. R. Civ. P. 9(b).

Accordingly, the Court GRANTS Merrick's motion to dismiss Espinoza's intentional fraudulent misrepresentation claim with leave to amend to the extent that claim is based on Merrick's alleged forgery of checks. Espinoza's intentional fraudulent misrepresentation claim is otherwise dismissed without leave to amend.

6

**IV. Conclusion**

The Court DENIES Merrick's motion to dismiss Espinoza's second claim under Cal. Civ. Code § 1785.25(a).  The Court GRANTS Merrick's motion to dismiss Espinoza's third claim for intentional fraudulent misrepresentation with leave to amend to the extent it is based on Merrick's alleged forgery of checks.  Espinoza's third claim is otherwise dismissed without leave to amend.  Espinoza must file her amended complaint or give notice that she does not intend to amend by January 4, 2019.  The amended complaint may not add any claims or parties without leave of the Court.

Merrick may file an answer no later than 14 days after Espinoza files an amended complaint or gives notice that she does not intend to amend.

**IT IS SO ORDERED.**

Dated: December 3, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge